UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIRBY OVERSTREET** | * | **CIVIL ACTION NO.** |
| **Plaintiff,** | * | **3:17-cv-00696-SDD-EWD** |
| | * | |
| **v.** | * | |
| | * | |
| **FOREMOST INSURANCE** | * | |
| **COMPANY** | * | |
| **Defendant.** | * | |
| | * | |
| **CONSOLIDATED WITH:** | * | |
| | * | |
| **DENNIS AND CORA BLACKWELL** | * | |
| **Plaintiffs,** | * | **CIVIL CASE NO.** |
| | * | **3:17-CV-01255-SDD-EWD** |
| **v.** | * | |
| | * | |
| **FOREMOST INSURANCE** | * | |
| **COMPANY** | * | |
| **Defendant.** | * | |

**************************************************************

<u>ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT</u>

NOW INTO COURT, comes Defendant, FOREMOST INSURANCE COMPANY ("Foremost"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq*., (the "NFIA")), and appearing herein in its "fiduciary" capacity as the "fiscal agent of the United States" (44 C.F.R. § 62.23(f) and 42 U.S.C. § 4071(a)(1)) and at the expense of the US Treasury,[1] for the purpose of responding to Plaintiffs' Amended Complaint and asserting Affirmative Defenses thereto, to wit:

**I.      Jurisdiction and Venue**

1.      The allegations contained in paragraph 1 of the Amended Complaint are admitted.

---

[1] *Grissom v. Liberty Mutual Fire Insurance Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

2.      The allegations contained in paragraph 2 of the Amended Complaint are admitted in part and denied in part.  Foremost admits that this civil action involves allegations surrounding a Standard Flood Insurance Policy ("SFIP"), which is a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), issued by Foremost to the Plaintiffs, however, Foremost denies any breach of said SFIP.

3.      The allegations contained in paragraph 3 of the Amended Complaint are admitted.

4.      The allegations contained in paragraph 4 of the Amended Complaint are admitted.

5.      The allegations contained in paragraph 5 of the Amended Complaint are admitted.

6.      The allegations contained in paragraph 6 of the Amended Complaint are admitted.

7.      The allegations contained in paragraph 7 of the Amended Complaint are admitted.

## II.      Parties

8.      The allegations contained in paragraph 8 of the Amended Complaint are admitted upon information and belief.

9.      The allegations contained in paragraph 9 of the Amended Complaint are admitted.

10.      The allegations contained in paragraph 10 of the Amended Complaint are admitted.

11.      The allegations contained in paragraph 11 of the Amended Complaint are a paraphrase of a statement of law, which to the extent that it is accurate is admitted, otherwise denied.

12.      The allegations contained in paragraph 12 of the Amended Complaint are a paraphrase of a statement of law, which to the extent that it is accurate is admitted, otherwise denied.

## III.      Factual Background

13.      The allegations contained in paragraph 13 of the Amended Complaint are admitted to the extent that the Plaintiffs' property located at 3326 Lanier Drive, Baton Rouge, LA  70814, was

damaged by flood, otherwise denied due to lack of sufficient information upon which to base a belief.

14.     The allegations contained in paragraph 14 of the Amended Complaint are denied due to lack of sufficient information upon which to base a belief (and for lack of any relevance).

15.     The allegations contained in paragraph 15 of the Amended Complaint are admitted to the extent that Plaintiffs were issued a Dwelling Form SFIP by Foremost, policy number 87054372152015 for the property located at 3326 Lanier, Dr., Baton Rouge, LA  70814, said SFIP being a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), otherwise denied.

16.     The allegations contained in paragraph 16 of the Amended Complaint are admitted upon information and belief.

17.     The allegations contained in paragraph 17 of the Amended Complaint are admitted. Answering further, the SFIP is a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), which is self-evident of its terms, coverages, conditions, limitations, and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*.

18.     The allegations contained in paragraph 18 of the Amended Complaint are admitted in part and denied in part due to lack of sufficient information upon which to base a belief. Foremost admits that Plaintiffs' dwelling suffered damage from flood. Any other allegations are denied for lack of sufficient information upon which to base a belief.

19.     The allegations contained in paragraph 19 of the Amended Complaint are admitted.

20.     The allegations contained in paragraph 20 of the Amended Complaint are admitted in part and denied in part.  Foremost admits that it provided an adjuster to adjust the subject flood

loss and assist the insured with the presentation of their flood claim as "a matter of courtesy only", otherwise denied.

21.     The allegations contained in paragraph 21 of the Amended Complaint are denied.

22.     The allegations contained in paragraph 22 of the Amended Complaint are denied to the extent they allege that the estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the "independent" adjuster used incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to the Homeowners' dwelling and their community, or that the adjuster used inappropriate and/or inadequate method for repair. The remaining allegations are denied for lack of sufficient information to form a belief therein.

23.     The allegations contained in paragraph 23 of the Amended Complaint are denied to the extent they allege the adjusters' Proof of Loss and Insurer's payment failed to adequately compensate homeowners for all covered losses. The remaining allegations are denied due to lack of sufficient information upon which to form a belief therein.

24.     The allegations contained in paragraph 24 of the Amended Complaint are denied.

25.     The allegations contained in paragraph 25 of the Amended Complaint are admitted in part and denied in part.  Foremost admits that Plaintiff's counsel forwarded a signed Proof of Loss and purported damage estimate to Foremost, however, it is denied that said Proof of Loss and purported damage estimate accurately reflect the damage caused by or from flood to the subject insured property.

26.     The allegations contained in paragraph 26 of the Amended Complaint are denied.

27.     The allegations contained in paragraph 27 of the Amended Complaint are denied.

28.     The allegations contained in paragraph 28 of the Amended Complaint are denied.

4

29.     The allegations contained in paragraph 29 of the Amended Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of fact and/or law.

**IV.     Claim for Breach of Contract**

30.     Foremost hereby reasserts and realleges all answers to the previous 29 paragraphs as if copied *in extenso*.

31.     The allegations contained in paragraph 31 of the Amended Complaint are admitted only to the extent that the insurance contract issued by Defendant is a Dwelling Form SFIP for the policy number 87054372152015 for the property located at 3326 Lanier Dr., Baton Rouge, LA 70814.  Answering further, the SFIP is a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), which is self-evident of its terms, coverages, conditions, limitations, and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*.  All remaining allegations are denied as written as they contain or call for legal conclusions of substantive issues of law and/or fact which have not been proven.

32. The allegations contained in paragraph 32 of the Amended Complaint are admitted only to the extent that the SFIP provided coverage for direct physical damage resulting from flood.  Answering further, the SFIP is a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), which is self-evident of its terms, coverages, conditions, limitations, and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*.  All remaining allegations are denied as written as they contain or call for legal conclusions of substantive issues of law and/or fact which have not been proven.

33.     The allegations contained in paragraph 33 of the Amended Complaint are denied, as they are legal conclusions based on substantive issues of law and/or fact which have not been so proven.

34.     The allegations contained in paragraph 34 of the Amended Complaint are admitted in part and denied in part. It is admitted that the SFIP is a regulation of the Federal Emergency Management Agency which states the conclusions under which federal flood insurance funds may be disbursed. It is denied that Defendant breeched the SFIP or federal law.

35.     The allegations contained in paragraph 35 of the Amended Complaint are admitted to the extent that the Plaintiff's property suffered some damage from flood, otherwise denied.

36.     The allegations contained in paragraph 36 of the Amended Complaint are denied.

37.     The allegations contained in paragraph 37 of the Amended Complaint are denied.

## V.     Prayer for Relief

38.     The allegations contained in the Prayer for Relief following paragraph 37 of the Amended Complaint are denied.

AND NOW, IN FURTHER ANSWER, COMES Defendant, Foremost Insurance Company, to submit the following Affirmative Defenses to Plaintiffs' Amended Complaint, to wit:

## NO CAUSE OF ACTION

The Complaint fails to contain claims upon which relief may be granted by this Honorable Court.

## NO RIGHT OF ACTION

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that the Plaintiffs seek any recovery from Foremost under federal law beyond what is provided for in the text of the SFIP, Foremost affirmatively asserts that no right of action exists.

## THE INSURING AGREEMENT

The responsibilities of the WYO Program carrier, Foremost to the Insured, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, the Insured has no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

## ACCURATE INFORMATON

Foremost avers that it has the right to review the information given by Plaintiffs at any time and to revise the policy based upon that review.

## CHARGED WITH KNOWLEDGE and NO DETRIMENTAL RELIANCE

As a matter of federal law, Plaintiffs are charged with knowledge of the terms and conditions of the NFIA, the NFIP and the SFIP. *See*, *Federal Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 (1984)*. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Accordingly, alleged detrimental reliance claims are unreasonable as a matter of law. Further, per the U.S. Supreme Court's opinion in *Heckler*, Plaintiffs are charged with knowing all the terms and conditions of FEMA published guidance regarding the NFIP including, but not limited to, the FEMA Manuals and Bulletins.  Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Arts. VII(J)(5), (7) and (8).

## DUTIES OF THE INSURED

The Insured are responsible for reading the SFIP, as well as any renewal and/or cancellation notices, and is presumed to know the provisions of the policy, including the

insurer's limits of liability, coverages and exclusions.

## THE DECLARATIONS PAGE

The Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, and displays the premium. The question of whether the Insured is entitled to additional sums under the SFIP, and if so, how much, is strictly governed by the policy's Declarations Page, and all of the policy's terms and conditions as contained in the SFIP at 44 C.F.R. Pt. 61, App. A(1), *in pari materia* with all applicable provisions of the Code of Federal Regulations, the NFIA itself and FEMA's regulations, Bulletins, and Claims Manual.

## FISCAL AGENT STATUS

By statute, Foremost is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). By regulation, Foremost's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. § 62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. § 4019.  Those standards govern all of the WYO Program companies and all insured in a nationally uniform manner.

## DEFINITIONS

Foremost pleads 44 C.F.R. Pt. 61, App. A(1), Article II, "Definitions," as an affirmative defense, including, but not limited to, the definitions of Policy, Building, Declarations Page, Dwelling, Direct Physical Loss By or From Flood, Elevated Building, Flood, You, Your, Valued Policy, etc. Foremost further avers that said definitions must be strictly construed, interpreted and enforced.

## LIMITATIONS OF COVERAGES

Foremost avers as an affirmative defense those provisions and limitations of coverage

contained at ARTICLE III of the SFIP. Further answering, Plaintiffs were paid the limits under Coverage B (contents).

## STRICT CONSTRUCTION AND INTERPRETATION

Foremost pleads that, as all claims under the SFIP are made with U.S. Treasury funds, out of segregated accounts maintained by the WYO Program carrier in compliance with the "Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution. *See*, 42 U.S.C. § 4071(a)(1). Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and provisions of the SFIP, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties. *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397 (5th Cir. 2012).

## U.S. TREASURY FUNDS PAY ALL EXPENSES

All expenses and costs in this matter are being borne out of U.S. Treasury funds. Further, any judgment that may be cast in this matter also will come from federal funds.

## CONDITIONS PRECEDENT

The SFIP expressly conditions the right to sue for further benefits under the policy upon the Insured's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Insured are seeking under the policy, the Insured must meet the burden of proof to establish the pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly plead herein by reference.

## DOCUMENTATION AND PROOF OF COMPLETED REPAIRS

Defendant asserts that Plaintiffs failed to provide sufficient documentation and proof of repairs in support of any further amounts claimed as required by SFIP Articles VII(J)(3), VII(J)(4)(f) and (i), and VII(V) and failed to submit sufficient documentation and a proper Proof of Loss to support the amounts sought in the pre-suit demand pursuant to FEMA Bulletin W-14058. Pursuant to Article VII(K) of the SFIP, Defendant is specifically requesting in writing that the Insured furnish a complete inventory of the lost, damaged, or destroyed property, including quantities and cost, actual cash values, amounts of loss claimed, and any written plans, line-by-line item estimates and specifications for repair. Further, as per Article VII(J)(3) and VII(V), the Insured must attach all bills, receipts and related documents, particularly if the repairs have been completed or are in progress.  Additionally, the Insured should provide the requested documentation in such a format as to clearly show how the materials, supplies and repairs correlate to damaged items claimed.

## WAIVERS

The Federal Government has reserved unto itself the exclusive authority to waive Program requirements. *See,* 44 C.F.R. § 61.13(d), § 62.23(k), and SFIP Article VII(D), which are pled herein as though contained *in extenso*.  Foremost affirmatively pleads that it cannot legally waive Program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.  The Federal Insurance Administrator ("FIA") is the sole authority.  The only evidence of any such waiver specific to the captioned matter of which Foremost is aware is for an extension of time to file a valid Proof of Loss, said waiver having expired on December 31, 2017.  Foremost is not aware of any waiver specific to the Plaintiffs in the captioned matter.

## TIME LIMITATIONS

In the event Plaintiffs' lawsuit was not filed in federal court within 12 months of the date of any written denial or partial denial from Foremost to the Insured then Plaintiffs' suit is time barred. *See*, 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

## NO BREACH OF DUTY

There was no breach of any duty owed by Foremost to the Plaintiffs. There was no causation and no damage attributable to any alleged act, error or omission by Foremost in this case. Foremost avers that the Plaintiffs have not been damaged as a result of any alleged action or inaction on the part of Foremost.

## MITIGATION

If any of the Insured's damages are a result of a failure by the Insured to take reasonable steps to mitigate the loss, those damages are not recoverable.

## CONSTITUTIONAL ISSUES

Pursuant to the Appropriations Clause, no recovery may be allowed to the Insured beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this Program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the States have no power to regulate the NFIP via the congressional tender found in the McCarren-Ferguson Act (15 U.S.C. §§ 1011-15), Foremost asserts under the Commerce Clause that the States have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Foremost respectfully submits that the role of the courts in a dispute of this type is limited by the principles contained by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources*

*Defense Council*, 467 U.S. 837 (1984).

## PAYMENT FOR THE HANDLING OF CLAIMS

Foremost has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a fee for every dollar paid to an Insured under an SFIP.  In other words, the greater the amount paid to an Insured under an SFIP, the higher the fee the WYO Program carrier will receive from the federal government for handling the claim.

## PRIOR PAYMENTS

Foremost asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## LOSS PAYMENT AND LOSS PAYEES

Defendant asserts SFIP Article VII(M) – LOSS PAYMENT, and all sub-parts thereto, as an affirmative defense.  In the event of any recovery by the Insured, Foremost affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities, *e.g.*, Small Business Administration, that are entitled to have their interests protected on any further checks, then those requirements are plead herein as well.

## IMPROPER PAYMENTS INFORMATION ACT

Unless Plaintiffs can establish that they have submitted documentation that meets all requirements under the SFIP and FEMA's guidelines, any payment under the NFIP is barred by the Improper Payments Information Act of 2002. 31 U.S.C. § 3321 note (Supp. III 2003).

## PREEMPTION

All federal and/or state law based extra-contractual and tort claims arising out of the

handling of the flood loss claim are preempted and barred by federal law, including but not limited to claims for attorney fees, costs, pre- and post-judgment interest, etc.

## NO INTEREST RULE

Because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for pre-judgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

## CONSEQUENTIAL DAMAGES

Because the SFIP only pays for damages caused directly by or from flood, no consequential damages are allowed.

## CLAIMS ADJUSTMENTS

Foremost pleads 44 C.F.R. § 62.23(i)(1) and (2), in their entirety, as though contained herein *in extenso*. Under the terms of the "Arrangement", WYO Companies will adjust claims in accordance with general Company standards, guided by the NFIP Adjuster Manuals. Further, the WYO Company may use its staff adjusters, independent adjusters, or both. The WYO's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters. The independent adjuster may not make final determinations as to coverage as a matter of law.

## NOT GENERAL AGENT

Defendant is not the general agent of the U.S. Government.  *See* 44 C.F.R.§ 62.23(g).

## SFIP IS A SINGLE RISK POLICY

The Plaintiffs are not entitled to recover federal flood benefits under one SFIP for more than one dwelling, as the SFIP is a single-risk policy which only covers damages caused directly by or from flood. *See,* Articles I and II (B)(21) of the SFIP.

## COMPLIANCE REQUIREMENT

Defendant asserts as an affirmative defense 44 C.F.R. § 60.3, which requires that any structure that has been substantially damaged be brought into compliance with FEMA's flood plain management plan. The costs associated with compliance are subject to the terms, exclusions and limitations of the SFIP, including Coverage D, Increased Cost of Compliance.

## PROPERTY NOT COVERED

Defendant avers as an affirmative defense ARTICLE IV- PROPERTY NOT COVERED, which includes those specific items of property for which coverage is not provided under the SFIP even if the damages to those items were caused directly by or from flooding.

## EXCLUSIONS

Defendant avers as an affirmative defense those exclusions contained in ARTICLE V – EXCLUSIONS, particularly including but not limited to earth movement, water, moisture, mildew and mold exclusions.

## LOSS SETTLEMENT

Defendant avers as an affirmative defense the provisions set forth in 44 C.F.C. Pt. 61, App. A(1), Article VII(V) – LOSS SETTLEMENT, including but not limited to VII(V)(4)(i).

## PRIOR LOSS

If it is determined that Plaintiffs' property suffered a prior flood loss for which the insured at the time of the prior flood loss was compensated, but proper repairs were not made to the property, then Defendant avers that payment cannot be made again for those same damages. The burden is on the Plaintiffs to present proof that the prior loss was remediated and that additional payments are not duplicative.  Defendant asserts, but is not limited to SFIP Article VII(K) in this regard.

### APPRAISAL CLAUSE

If this Plaintiffs' SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P).

### AGENT OF THE INSURED

Pursuant to 44 C.F.R. § 61.5(e), the duly licensed property and casualty insurance agent acts for the insured and not for the WYO carrier. Further, any representations which are contrary to the terms and conditions of the SFIP are void. Moreover, any reliance upon such purported representations is void as a matter of law.

### BINDERS

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiffs seek to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

### OFFSET & DOUBLE RECOVERY

There can be no double recovery for the alleged flood damages. Moreover, Defendant would be entitled to an offset of the percentage of liability attributable to third parties. As such, Plaintiffs' claims are barred or reduced in part by the comparative negligence of the Plaintiffs or third parties that contributed to the Plaintiffs' negligence.

### PROOF OF LOSS REQUIREMENT

The SFIP sets forth strict requirements for the proof of loss under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). It is Plaintiffs' burden to establish that they strictly complied with 44 C.F.R.

Pt. 61, App. A(1), Art. VII(J)(4), and all sub-parts thereto, prior to filing suit pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). Defendant specifically asserts that Plaintiffs failed to timely submit a valid, properly signed and sworn Proof of Loss supported by proper documentation of covered and payable damages caused directly by or from flood to support their claim for additional U.S. Treasury funds.

**REINSPECTION OF PROPERTY**

Defendant asserts that it has not been given the opportunity to re-inspect the insured property pursuant to the Plaintiffs' request for additional payment in order to verify the complained of loss as is mandated in 44 C.F.R. § 62.23(i)(2).  *See,* the provisions of the FEMA NFIP *Flood Insurance Claims Handbook*, at page 7, which Defendant asserts as a right and a defense.

**OVERHEAD AND PROFIT**

In an abundance of caution, Defendant asserts as an affirmative defense that if the subject property has been sold prior to repairs being made, Plaintiffs are not entitled to overhead and profit. Further, Defendant asserts as an affirmative defense the FEMA Claims Manual regarding overhead and profit.

**OFFICE OF GENERAL COUNSEL REVIEW**

Defendant asserts that it reported this litigation to FEMA as required after it was served with this lawsuit as required per the "Arrangement," and that Defendant has not received any correspondence from the Federal Insurance Administrator, FEMA, or its Office of General Counsel declaring, or even suggesting, that this case falls outside the "scope" of the Arrangement.

## ANTI-ASSIGNMENT OF CLAIMS ACT

Defendant asserts that any assignment of SFIP benefits must comply with the Anti-Assignment of Claims Act.

## FEMA FLOOD INSURANCE MANUAL

Foremost asserts that the FEMA Flood Insurance Manual, promulgated by FEMA under authority of the U.S. Congress, governs all underwriting aspects of Plaintiffs' SFIP, including but not limited to, requirements for the renewal of an NFIP SFIP. *See,* https://www.fema.gov/flood-insurance-manual.

## THE ARRANGEMENT

Foremost, as a participating WYO Program carrier, is strictly bound by the "Arrangement" found at https://www.fema.gov/media-library/assets/documents/17972.

## FEMA BULLETINS

Per the *Arrangement* (Arts. I(5) and (6), II(A)(2) and (G)), Foremost shall abide by written guidance published by FEMA. *See,* https://nfip-iservice.com/nfip_docs.html.

## THE SFIP IS THE BEST EVIDENCE OF ITS CONTENTS

The SFIP, codified at 44 C.F.R. Part 61, Appendix A(1), is the best evidence of the terms and conditions of said federal insurance policy.

## FEMA ADJUSTER CLAIMS MANUAL

Foremost asserts that the FEMA Adjuster Claims Manual, promulgated by FEMA under authority of the U.S. Congress, governs claim adjustment aspects of Plaintiffs' SFIP. *See*, https://www.fema.gov/media-library/assets/documents/2675.

## DENIAL OF REMAINING ALLEGATIONS

Defendant affirmatively pleads, without waiving any other defenses elsewhere asserted

herein, that all allegations contained in the Plaintiffs' Amended Complaint that have not been specifically admitted are hereby denied.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves its right to supplement and amend its Answer to Plaintiffs' Amended Complaint and to assert additional affirmative defenses as future discovery may warrant and require.

## PRAYER

WHEREFORE, Defendant, Foremost Insurance Company, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of Plaintiffs against Defendant, Foremost Insurance Company, with prejudice, and at Plaintiffs' costs.

Dated: September 12, 2018.

Respectfully Submitted:

**NIELSEN & TREAS, LLC**

*/s/ Deani Beard Milano*
Deani Beard Milano, Esq., T.A., LSBA No. 24358
3838 North Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: 504-837-2500; F: 504-832-9165
Email: dmilano@nct-law.com
*Counsel for Defendant, Foremost Ins. Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2018, copies of this pleading have been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using the CM/ECF system, which will send notice of electronic filing as follows:

> Rajan Pandit
> Jason M. Baer
> Casey C. Dereus
> Pandit Law Firm, LLC
> 701 Poydras Street, Suite 3950
> New Orleans, Louisiana 70139
> *Counsel for Plaintiffs*

*/s/ Deani Beard Milano*
Deani Beard Milano
